IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELINDA JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:08-CV-1227-D |
| VS. | § |
| | § |
| DALLAS INDEPENDENT SCHOOL DISTRICT, | § |
| | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Melinda Johnson ("Johnson") moves for leave to amend her state-court petition to drop her federal-law claim and to remand the case. Defendant Dallas Independent School District ("DISD") opposes the motion. The court grants the motions and remands this case to state court.[1]

Johnson filed suit against DISD on June 20, 2008, alleging three claims:[2] retaliation under the Texas Labor Code, defamation and disparagement, and violation of civil rights under the First Amendment and the Texas Constitution. Based on Johnson's allegation that she was exercising her rights to freedom of speech under the First Amendment and the Texas Constitution, DISD removed the case to this court on July 18, 2008 on the ground that it presented a federal question.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The court is excluding pleaded claims for exemplary damages and attorney's fees that are actually requests for types of relief rather than causes of action.

A few weeks later, Johnson filed on August 6, 2008 a motion for leave to file a first amended complaint, in which she seeks to drop the First Amendment-based claim, and a motion to remand. She asserts in the motion for leave to amend that her reference to the First Amendment was inadvertent. Her amended complaint seeks relief only under Texas law. The parties are not diverse citizens, and Johnson also moves the court to remand the case once the federal-law claim is eliminated. DISD opposes the motion.

The court finds no persuasive basis to deny leave to amend. Johnson's state-court original petition included three claims, all which arose under Texas law and only one of which included a federal-law component that factually duplicated her state-law civil rights claim. Even if the court declines to find that Johnson's reference to the First Amendment was "inadvertent," her suit is essentially a state law-based lawsuit, she moved for leave to amend within weeks after the case was removed, and there is no apparent prejudice to DISD from remanding the case. While it is true that DISD is deprived of a federal forum, the right to this forum arose only because Johnson asserted a claim that in part presented a federal question.

A district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction and to removal have dropped out of the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted). In deciding whether to remand the case, the court must consider the interests of judicial economy, fairness, convenience, and comity. *Bentley v. Tarrant County Water Control & Improvement Dist. No. One*, 66 F.3d 319, 1995 WL 534726, at *2 (5th Cir. July 25, 1995) (unpublished table decision). These factors ensure that any possibility of improper forum

manipulation will be considered before a remand is ordered. *Id.*[3]

Having considered the required factors, the court in the exercise of its discretion opts to remand the case to state court. Johnson's claims are all based on state law and should be decided by the Texas courts. The court is remanding the case shortly after it was removed and before the parties incur substantial expenses for services that are not usable in state court. And Johnson is not seeking to avoid an adverse ruling in this court. A remand will best promote the values of economy, convenience, fairness, and comity.

* * *

Johnson's August 6, 2008 motions for leave to amend and to remand are granted. This case is remanded to the 116th Judicial District Court of Dallas County, Texas. The Clerk of Court shall

---

[3]In *Bentley* Judge Wisdom explained:

> In a sense, any attempt to obtain a remand is an attempt at manipulating the forum because it is a motion to have the case heard in a different and presumably before a more favorable court. If seeking to have the case decided in a different forum removes the court's discretion to grant a remand, then the court would never be able to remand a case under *Carnegie-Mellon*. Instead of such a blanket requirement, the court has used the *Carnegie-Mellon* factors to determine if remand is appropriate. When the motives for seeking a change in forum are improper, such as attempting to obtain a different judgment or to delay the case by going to a different court, the analysis under the four *Carnegie-Mellon* factors will address the reasons for seeking the forum change.

*Bentley*, 66 F.3d 319, 1995 WL 534726, at *2.

effect the remand according to the usual procedure.

**SO ORDERED**.

October 7, 2008.

                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE